[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 139 
The court of common pleas of Erie county erred in giving judgment in favor of Coatsworth on his demurrer to White's second plea.
Coatsworth, although defendant in the replevin suit, was an actor, and claimed to recover of White $120 of rent which he alleged had fallen due on the lease, on the 1st of August, 1844. This was what he distrained White's goods for in April, 1845, and the point in controversy between the parties was whether this rent was due.
The defense set up in the second plea is, that the very point thus in controversy, had been decided and determined by a former adjudication between the same parties before a competent tribunal.
If this be true the defense is perfect. It is an established maxim, that no one ought to be twice vexed for the same cause. The judgment of a court of competent jurisdiction upon a point litigated between the parties is conclusive in all subsequent controversies where the same matter comes again directly in question. (Embury v. Conner, 3 Comst. 522, 3, and casesthere cited; Doty v. Brown, 4 Comst. 71.)
The substance of White's plea is this, that Coatsworth, the landlord, on the 10th of March, 1845, and before he distrained White's property, instituted summary proceedings before the first judge of Erie county, to turn White out of the possession of the demised premises, on the ground that he was holding over after default in the payment of the same identical item of rent due 1st August, 1844, for which he afterwards distrained, and which he claimed in the replevin suit. That upon being summoned before the first judge to show cause why his landlord, *Page 140 
Coatsworth, should not be put into the possession of the demised premises, White appeared and filed an affidavit in pursuance of the statute, denying that any rent was due. That the question thus at issue between the parties was submitted, according to the statute, to a jury, who by their verdict found that no rent was due.
Against the validity of this plea it is objected, first, that the former proceedings were instituted, not for the purpose of recovering the rent alleged to be due, but to procure the forfeiture of the lease; and that the object of the latter proceedings was to collect the rent; and because the object of the former was different from that of the latter proceeding, the former decision is no bar to the latter. But this is not strictly true in point of fact. In summary proceedings under the statute by the landlord to turn his tenant out of possession, the tenant may pay the rent and save the forfeiture of his lease; and the proceeding is perhaps as often resorted to for the purpose of compelling the payment of the rent, as for annulling the relation of landlord and tenant. But however that may be, the objects of the two proceedings are sufficiently identical to make the former conclusive upon the latter.
The summary proceedings were had before a tribunal competent to hear and determine the question whether any and what amount of rent was due. The verdict is by the statute the final adjudication upon the question of fact. If the jury, instead of finding against Coatsworth, had found a verdict in his favor, it would have been conclusive for the purpose of turning White out of possession, and of annulling his lease, (2 R.S. 515, §§ 39, 43,) unless, before the warrant for his removal had been actually issued, he had paid or given security for the rent found to be due. (§ 44.) A verdict against White, however erroneous or unjust it might have been, would thus have compelled him to pay the rent or to lose the benefit of his lease. After having been turned out of possession upon such a verdict, he could not have been permitted to retry the same question in an action of ejectment, for the purpose of being restored to his occupancy as tenant; nor after having paid the money, to save the forfeiture of his *Page 141 
lease, could he try the same question a second time in a common law action to recover back the money so paid. The object of the statute was to prevent the expensive litigation and great delay in settling these questions between the landlord and tenant by the course of the common law. But if the summary proceedings are not conclusive upon the parties, litigation, delay and expense are increased instead of being diminished. I perceive no reason on general principles why a verdict in favor of the landlord finding a certain amount of rent to be due, would not be conclusive evidence in a subsequent action for the rent, if indeed such an action could be brought after the lease had been annulled and the relation of landlord and tenant dissolved by operation of the statute. (See § 43.)
The verdict being thus conclusive against the tenant, it should be equally so against the landlord, at whose instance and for whose benefit the summary proceeding was had.
The question whether rent was due was not, in the summary proceedings, a collateral or incidental inquiry. It was the main and only point in the case; and Coatsworth sought by his avowry to try a second time the same question.
There is no ground for saying that the plea is bad because it is equivalent to the general issue.
Riens en arrere is not the general issue in replevin. It is said to be a quasi general issue when pleaded to an avowry like that in the present case. But admitting that the former determination might be given in evidence under the plea of no rent in arrear, it by no means follows that it may not be specially pleaded. A plea which is equivalent to the general issue and therefore bad, is a plea which gives no color to the plaintiff's claim. This is not such a plea. It admits the lease by which rent is apparently due, and the tenant's occupancy under it, but avoids his liability on the ground that the question whether rent is due or not has been already tried and decided in the tenant's favor.
I am inclined to the opinion that the court erred also in rejecting the offer of White to prove under the first plea the facts *Page 142 
stated in the second, on the ground that the former determination was conclusive evidence between these parties that no rent was due. But it is unnecessary to decide upon the exception which brings up this point, because the decision upon the second plea covers the whole case.
It is true, that the mere production of the record, or written evidence of the summary proceedings, may not have been conclusive when given in evidence under the plea of no rent in arrear, because it may not have appeared from the face of the record that the same question had been previously decided between the same parties. And this I apprehend is the only foundation for thedicta to be found in many cases, that a former recovery when so given in evidence is not conclusive. But when the facts necessary to be averred in a special plea of a former recovery in bar, are established by proof aliunde the record, the former recovery is as conclusive when proved under the general issue, as when specially pleaded. The true rule on this subject is laid down inYoung v. Rummell, (2 Hill, 480, 481.)
The judgment of the Erie common pleas was rightly reversed in the supreme court, and the judgment of the supreme court ought to be affirmed.