## ARGUED AND DETERMINED

IN THE

# COURT OF COMMON PLEAS,

FOR THE

## CITY AND COUNTY OF NEW YORK.

IN THE MATTER OF THE APPLICATION OF THEODORE M. DAVIS, RECEIVER OF THE OCEAN NATIONAL BANK FOR A SUBSTITUTION OF ATTORNEYS.

(Decided February 5th, 1877.)

A party to certain suits in this court having applied for a substitution of attorneys, an order of reference was made to take testimony and report the same with his opinion as to whether such substitution should be ordered, and if so upon what terms. A large amount of testimony was taken before the referee as to the amount, nature and value of the services of the attorneys sought to be removed, and the referee made his report advising that the substitution should be ordered upon certain payments being made and security given by the party applying therefor. After this report had been filed the applicant prayed leave to withdraw his application for a substitution and to have the report vacated upon such terms as to payment of costs as should be just: *Held*, that under the circumstances, the application should be denied ; that the applicant having invoked the jurisdiction of the court over the dispute between himself and his attorney and litigated on the reference the amount due from him to his attorneys, he should not be allowed to escape the effect of the court's decision on that point; that the report should be confirmed so far as it was found correct, in order that the attorneys

VOL. VII.—1

might have the benefit of such force as it might have as evidence in any suit between themselves and the applicant to recover for the services rendered by them in the suits in which they were sought to be removed.

Security for payment for services of an attorney in suits in another court will not be required as a condition of ordering another attorney to be substituted in his stead in suits in this court.

APPEAL from an order made at special term by Judge VAN BRUNT confirming the report of a referee to whom upon an application for substitution of other attorneys in four suits pending in this court, in the place of F. N. & C. W. Bangs, (who were unwilling to render any further services therein until payment was made for services already rendered; upon the amount of which the applicant and his attorneys were unable to agree;) it had been referred to take testimony and report the same with his opinion as to whether substitution should be ordered, and if so upon what terms; what sum if any should be paid to said attorneys upon substitution, and what security, if any, should be required for such portion of their claim as should not be paid on substitution. The order of Judge VAN BRUNT confirmed the report of the referee upon the merits, but provided that upon payment by the applicant of the expenses which his application had caused the attorneys proceeded against, he might as a matter of favor withdraw his application, and that upon such payment and withdrawal, the report should be vacated. From this portion of the order the attorneys proceeded against appealed.

*S. W. Fullerton,* for appellant.

*George Bliss, Jr.,* for respondent.

CHARLES P. DALY, Chief Justice.—The applicant desiring to substitute another attorney for the Messrs. Bangs, in the four suits pending in this court, and he and the Messrs. Bangs being unable to agree as to the amount of their compensation for their services as attorneys and counsel in these suits, he made an application to the

court for the substitution of another attorney ; and the court after hearing the parties, ordered it to be referred to a referee to take testimony and report the same with his opinion, as to whether such order should be made, and if so, upon what terms ;—what sum, if any, should be paid to said attorneys and counsel, and what security, if any, should be required for such portion of their claim as should not be paid upon the substitution.  Under this order, there was a hearing before the referee, which went on from May to October,—broken only by the summer vacation,—during which a large amount of testimony was given by Messrs. Bangs as to the nature of the services which they had rendered, and as to their value.  On the 12th of July, 1876, the testimony on behalf of Messrs. Bangs was closed, and the reference was adjourned to the 25th of September, that the applicant might give testimony ; but on that day it was further adjourned at the plaintiff's request to the 28th of that month.  On September 28th, Mr. Sly, who appeared for the applicant on the reference, applied, upon the ground of his inability to obtain the attendance of witnesses and on account of the absence of the applicant, for a further adjournment to October 2d, which was granted ; and on the 2d of October, Mr. Bliss, through Mr. DaCosta, the counsel of Messrs. Bangs, proposed to settle the claim for $6,000—to which Mr. Bangs at first objected, but finally assented, if Mr. Bliss would, on the succeeding day, send down an offer of judgment for $6,000— and the amount of the printer's bill, which was not done ; but two days after that time, an offer of judgment for $6,000 without any offer to pay the printer's bill was made by Mr. Bliss to Mr. DaCosta, which being communicated to Mr. Bangs, he declined to accept it.  The reference was further continued by adjournments, no evidence being given by the applicant; but a correspondence passed between Mr. Bliss and Mr. Bangs, which led to no result ; and on the 21st of October, Mr. Bliss gave notice to Messrs. Bangs and their attorneys, that the motion for a substitution of attorneys was withdrawn and countermanded ; that the referee, Mr. Hall, had been asked for his bill, which would be paid ; and ten-

dering the costs of the motion. Two days afterwards, the referee filed his report, which was, that the applicant as a condition of the granting of the substitution, should pay to the Messrs. Bangs, within ten days, the sum of $9,714 70, including referee's fees, $175 and Stenographer's fees, $93 68; the expenses of printing, $150; and for counsel fees, $500; and that he should deposit in this court $3,012 70, as security to the Messrs. Bangs, for the payment of such sum as they may establish as being due to them in other suits which are not in this court.

Notice of the filing of the report having been served, the applicant filed and served exceptions to it on October 31st; and on November 2d the Messrs. Bangs served notice of hearing of the report and exceptions, for November 10th; and on the 3d of November gave notice to the applicant that he might take further testimony if he desired; but the applicant did not avail himself of the offer. On November 6th the applicant obtained an order to show cause why the report "should not be set aside and held for naught," and this motion and the motion of Messrs. Bangs for the hearing of the report and the exceptions to it, was, on the 4th day of December, heard before Judge Van Brunt, who held:

1st. That the applicant having submitted to the court for determination, the question as to the amount due Mr. Bangs, could not withdraw the same except by leave of the court, and upon such terms as the court should impose, and that the referee, therefore, was correct in proceeding with the reference, and filing his report, and that his doing so afforded no ground for exception to this report, and presented no cause for setting it aside; but 2d, as the necessity for a substitution had passed, that the plaintiff should be allowed to withdraw his application for a substitution, upon the payment of the expenses which Messrs. Bangs had been put to by reason of the motion; that is, the referee's fees; a suitable counsel fee, if they had employed counsel, to attend to their interest before the referee, and also the costs of the motions; that if these terms were not accepted, the referee's report should be confirmed and substitution

ordered upon the payment of the amount reported due by the referee.

As I understand Judge Van Brunt's decision, he overruled the exceptions and confirmed the report to the extent of allowing the substitution upon payment of the amount reported due by the referee, which was not confirming that portion of the report that required the applicant to deposit in this court $3,012 70, as security for the other suits; and the present appeal is brought, from that portion of the judge's order, which allowed the plaintiff to withdraw his application for a substitution, upon complying with the terms imposed.

It appears from the papers before us, that so far as the judge was influenced by the consideration, that the necessity for a substitution had passed by the final determination of the action in which substitution was desired, he was mistaken as to that fact. None of the suits had been finally determined, and in the Wisner suit, nothing had been determined. The applicant having invoked the aid of the court to compel a substitution of attorneys, being unwilling to pay the amount which the attorneys claimed for their compensation, and as a reference, to ascertain, by the taking of testimony, what amount was actually due, was had on his application, and a lengthened investigation had taken place before the referee, which in effect was the same as a trial would have been in an action brought by the Messrs. Bangs to recover for their services, and the referee having adjudicated upon the matter, and filed his report; which after exceptions taken to it, was confirmed upon the merits, I do not think that the applicant should then be allowed, as a matter of favor, to withdraw his application, and put his attorneys to the necessity of trying the whole matter over again in some other form of proceeding.

The judge below held, and as I think, correctly, that the applicant could not, after the reference had been entered into, withdraw his application, as a matter of right, and as the plaintiff was at liberty to give evidence, if he thought proper, after the Messrs. Bangs' testimony was closed, and as

an offer was even made to him, after the filing of the report and the exceptions to it, to give testimony if he desired to do so, of which he did not avail himself, he should not be allowed to withdraw the proceeding after it had thus been brought to a termination as a matter of favor.  The applicant argues that the withdrawal of such an application is analogous to the submission by a plaintiff to a non-suit. The only way in which a plaintiff could submit to a non-suit, if the court was not asked by his adversary to grant one, was by failing to answer, when he was called, upon the jury coming in to render their verdict.  As the law formerly existed, the plaintiff had to be called before the jury could deliver their verdict, in order to answer the amercement to which, by the old law, he was liable in case he failed in his suit, as a punishment for a false claim (III Bl. Com. 276, 376; *Gale* v. *Hoysradt*, 7 Hill, 179; *Poucher* v. *Livingston*, 2 Wend. 296); and although the amercement by the crown, which was a very harsh proceeding, ceased in time to be exacted, the ancient forms of giving pledges, John Doe & Richard Roe, and of calling the plaintiff before the jury rendered their verdict, was adhered to ; and if the plaintiff failed to answer, he was non-suited.  This unnecessary procedure was abolished by the rules of the Supreme Court, in 1845, p. 24; which provided (and also Rule 38 of 1871) that it should not be necessary to call the plaintiff, and that he should have no right to submit to a non-suit after the jury had gone from the bar to consider of their verdict; and it was afterwards provided, that upon a hearing before a referee the plaintiff could not submit to a non-suit after the cause has been finally submitted to him (Rule 39 of 1871.) When the plaintiff, therefore, entered upon the trial before the court he could not, unless he was allowed by consent of parties and the court to withdraw a juror, submit to a nonsuit; and unless the defendant asked for one, the cause had to go to the jury, and their verdict was a final adjudication of the matter put in issue by the action, and upon a hearing before a referee, it was equally final, after the case was submitted to him for decision (Rule 39 of 1871).  There is no

analogy, therefore, between the withdrawal of an application of this kind after it has been instituted and the voluntary submission to a non-suit.

In *Seaboard &c. R. R. Co.* v. *Ward*, (1 Abb. Pr. 47,) Mitchell, J. says; " The absolute right of a plaintiff to discontinue his action on payment of costs, at any time before judgment or decree, or before the case was submitted to the jury, has been the law both of this country and of England, from the earliest period." This is perhaps stated a little too broadly. It is said in Dunlap's Practice, p. 488, that " although a plaintiff might have a rule to discontinue, as a matter of course, *before* trial or inquiry, yet *afterwards*, he had to obtain permission from the court ; " though he could, as I have said, until precluded by the rule above referred to, have submitted to a non-suit by failing to answer when called. The rule is more correctly stated by E. Darwin Smith, J., in *Young* v. *Bush* (36 How. Pr. 242). He says that the principle established by the cases, is; that the right to discontinue is not absolute ; that it is to be exercised under the control of the court, and may be disallowed in the discretion of the court, or restricted upon equitable considerations; remarking further, that " the plaintiff should not be compelled to prosecute a suit if he wishes to put an end to it and to the litigation entirely; but where he has long litigated a question and put the defendant to much expense and trouble, and is substantially defeated in it, if he wishes to discontinue, it should be upon terms that he will not commence a new suit," an observation that applies pertinently to the present case.

The judgment of a court of competent jurisdiction upon a matter in issue before it, of which it has cognizance, is conclusive and cannot be attacked collaterally ( *White* v. *Coatsworth*, 6 N. Y. 137 ; *Demarest* v. *Darg*, 32 N. Y. 281). This principle also applies to all questions that may be legitimately raised and tried in an action, whether incidentally or collaterally, for the purpose of the regular conduct or disposition of the cause. All persons appearing in a court of competent jurisdiction, either as parties, attorneys,

or purchasers, and in any judgment entered therein or in any other manner properly intervening in furtherance of the cause, or the matters involved therein, subject themselves to the action of the court in the exercise of the jurisdiction legitimately conferred upon it. (*Requa* v. *Rea*, 2 Paige, 339; *Miller* v. *Collyer*, 36 Barb. 250; *Willetts* v. *Van Alst*, 26 How. Pr. 325.) One who adopts the legal machinery of an action to obtain any relief or redress that might be afforded him therein, is bound by any judgment upon his claim, equally with any actual party to the action. All questions as to the respective rights of attorney and client in the conduct of the cause, and all claims between them as to retention or removal of the attorney and all rights of lien incident to those questions, and the extent of any such lien, come within the legitimate power of a court of record, as matters to be legitimately (though incidentally) adjudicated therein, when an appeal is made to the court for that purpose, during the pendency of the action. In view of this, and without inquiring farther as to what may be the effect of allowing this report and the order confirming it to stand; —it is sufficient to say that whatever rights the plaintiff's attorneys have derived, or may derive from it, they should not be deprived of them.

I think the order appealed from should be modified by striking out the portion appealed from, and that the report of the referee should, in all other respects, be confirmed, except that portion requiring the applicant to deposit the $3,012 70, as security for the attorney's claim in the other suits.

ROBINSON, J., concurred.

Ordered accordingly.*

---

* No appeal was taken from this decision, and subsequently two suits in this court, brought by the attorneys against the applicant to recover for the same services of which evidence was given in this proceeding, came to trial before Judge VAN HOESEN, and in both suits the referee's report as modified by the general term was (against objection) received as conclusive evidence of the amount due, and judgment was rendered accordingly, from which no appeal was taken.