## Case No. 8,235.

### In re LELAND et al.

[14 Blatchf. 240; [1] 16 N. B. R. 505.]

Circuit Court, S. D. New York. May 25, 1877.[2]

BANKRUPTCY—FRAUDULENT PREFERENCES—RIGHT TO PROVE DEBT.

A determination by the district court, in a bankruptcy proceeding, to which a creditor was a party, that such creditor had received a fraudulent preference, and that, in consequence thereof, he was disabled to prove any part of his debt, is an adjudication which debars him from subsequently proving his debt and authorizes the district court to expunge his claim, when proved.

[Appeal from the district court of the United States for the Southern district of New York.]

[In the matter of the bankruptcy of Simeon, Warren and .Charles Leland, composing the firm of Leland & Co. Warren and Charles Leland composed a second firm, called Leland Bros. These two issued certain bonds secured by real-estate mortgage. These bonds are construed in Case No. 8,229. A decree was entered November, 1873, declaring the real-estate mortgages to be void. Subsequently the holders of the bonds secured by these mortgages were not allowed to prove their debts. Case No. 8,230. One of these, Alexander Stewart & Co., is heard upon new proof taken upon a re-examination of his case. His debt is not allowed to be proven. The case is now heard in the circuit court upon appeal by certain of the creditors from the decision of the district court.]

Henry E. Davies, for creditors.

Thomas M. North, for assignee in bankruptcy.

JOHNSON, Circuit Judge. These are statutory appeals from the decision of the district court, expunging two claims against the estate of the bankrupts. A jury trial was waived in each case, and they were tried before me, in part upon written stipulations as to the facts, and are now to be considered upon the substantial question whether the parties claimant are not concluded by certain proceedings in the district court, in which a determination of that court was had that the claimants had received a fraudulent preference, and that, in consequence thereof, they were disabled to prove as creditors against the bankrupts, for any part of their debts. The proceeding from which the present appeals are taken, was the ordinary proceeding

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]
[2] [Affirming Case No. 8,231.]

by a creditor to prove his debt in bankruptcy, and the appeals were taken from orders or decisions of the district court against the creditors' claims. But these decisions are vacated by the appeals, and go for nothing against the creditors. The ground of the decisions is, however, not vacated, but may be availed of on this trial in opposition to the creditors' claims, in so far as by law it is in its nature available. Now, a prior adjudication is always available against the defeated party, when made in a competent jurisdiction, and upon a controversy actually decided in that adjudication. If, in a suit in a justice's court, the matter had come to be in judgment between these parties, the defeated party would have been bound everywhere, and could never have been permitted to litigate the point anew. The principle is very familiar, and 1 refer to the case of White v. Coatsworth, 6 N. Y. 137, only as a striking illustration of its universality. There, a verdict in summary proceedings, to recover the possession of demised premises, finding no rent due, was held conclusive against the landlord, in a subsequent action. The principle was thus stated by the court: "The judgment of a court of competent jurisdiction, upon a point litigated between the parties, is conclusive in all subsequent controversies, where the same matter comes again directly in question." The question then is—was there such an adjudication applicable to the case now on trial? I think it undeniable that such an adjudication did take place. The parties might probably have insisted that the matters in question could only be judicially determined in a plenary suit; but they did not take this ground, and, on the contrary, submitted the whole matter to the decision of the district court, which, by its decree, entered November 1st, 1873, adjudged the claims of the new plaintiffs to be affected by the preferential securities therein referred to, and, upon that ground, debarred them from any participation in the distribution of the fund then being administered. At the hearing of that application the parties now concerned appeared by their counsel, and, in open court, waived all objections to the form of the proceeding, and submitted all the questions involved therein to the decision and decree of the court. The general question which the court was then dealing with, was the distribution of a fund derived from the sale of property which had belonged to the bankrupts, and, as a necessary part of the inquiry, the court was compelled to consider whether the securities charged upon that property, and which those creditors had received, were preferential, and, so, void. The court adjudged the securities preferential, and declared that the creditors who had taken them, including the plaintiffs in these suits, were parties to the preferential purpose, and decreed them to be debarred from any lien upon the fund in question. This adjudication stands in force at this day, and cannot be deprived of its effect upon the rights of these

parties. It cannot come in question in the pending suits. They do not bring up the merits of that decision from re-examination in any way. The facts established in that litigation bring the cases of these plaintiffs within the scope of the provision of the bankrupt law which debars the proof of a debt in respect to which a preference has been received, when the assignee has recovered back the property. Upon this part of the case I refer to and adopt the opinions of Judge Blatchford, in respect to the claims of these creditors, as pronounced and reported in Re Leland [Cases Nos. 8,230, 8,231]. The questions involved are there amply discussed, and I see no advantage to the parties or to the law in going over the same ground and reiterating the same views. Upon all these points the evidence produced by the defendant is not only admissible, but, as it seems to me, also conclusive against the plaintiffs. Under the arrangement at the trial, I do not now proceed to give judgment in the cases.