JOHN ANDREWS, Appellant, *v.* JEREMIAH O'MAHONEY et al., Respondents.

112    567
167    559

Plaintiff brought this action to foreclose a mortgage for $200; also another action to foreclose a prior mortgage for $300 on the same premises. Both were prosecuted to judgment. There were two subsequent mortgages upon said land, one for $1,200 on the westerly half and one on the easterly half for $480. The mortgagees were made defendants in this action. Plaintiff, an attorney-at-law, acted in his own behalf. The terms of sale, which were prepared by him, provided that the property should be sold, subject to plaintiff's prior mortgage, in two separate parcels, to wit, the westerly and easterly halves. They also provided that all taxes, assessments and other incumbrances, liens upon the

premises at the time of the sale, should be allowed by the sheriff out of the purchase-money. At the sale plaintiff bid off the westerly half for $1,450 and the easterly half for $1,035. He refused to complete his purchase unless the sheriff would assent to the payment out of the proceeds of sale of the amount due on his prior mortgage, including the costs of foreclosure. On motion by D., the owner of the two junior mortgages, an order was made compelling him to do so. *Held*, no error; that the sale was made subject to plaintiff's prior mortgage; that the provision in the terms of sale as to allowing incumbrances to be paid out of the proceeds of sale did not refer to that mortgage, but to other incumbrances.

Plaintiff claimed that the sale of the easterly half was void, as the proceeds of the sale of the westerly half were more than sufficient to satisfy the judgment; the amount bid for both halves was not sufficient to pay all the incumbrances on the premises, including costs and interest. There was no provision in the judgment for the payment of all the incumbrances. It did not appear that the mortgagor objected to the sale, or was in any way interested in objecting. *Held*, that plaintiff's objection was not available.

When, in an action for the foreclosure of a mortgage, where there are two or more parcels of land, the situation of the property, the nature and amount of the subsequent incumbrances have been brought to its attention, the court may authorize a sale of sufficient of the mortgaged premises to pay all the incumbrances.

Sales in foreclosure actions are not within the statute of frauds, and are binding upon the purchasers without any written contract or memorandum of the terms of sale. A purchaser by bidding subjects himself to the jurisdiction of the court, and, in effect, becomes a party to the proceeding, and may be compelled to complete his purchase by an order of the court, and by its process for contempt, if necessary.

(Submitted January 29, 1889; decided March 5, 1889.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made June 25, 1888, which affirmed an order of Special Term requiring plaintiff to complete his purchase.

The facts are sufficiently stated in the opinion.

*John Andrews* appellant in person. The court will set aside a sale, and order a resale where it is shown that there has been a mistake or misunderstanding as to the terms or conditions upon which the premises were sold, or where differ-

ent terms are sought to be enforced than those under which the premises were sold. (23 Hun, 424; *Kelly* v. *Howell*, 62 Barb. 280; 53 N. Y. 609; *Post* v. *Leet*, 8 Paige, 337; *Marsh* v. *Ridgway*, 18 Abb. 262; *Griffith* v. *Headley*, 10 Bos. 587; *Walcott* v. *Schenck*, 23 How. 385; *Lefevere* v. *Laraway*, 22 Barb. 165.) If the terms and conditions of sale were not complied with by the purchaser it was the duty of the sheriff to resell. (*Lents* v. *Craig*, 13 How. 72; *Hewlett* v. *Davis*, 3 Edw. Ch. 338.) If the sheriff could sell the premises in parcels, having sold part thereof and realized sufficient to pay off the mortgage debts and costs, he could not proceed to sell the other; having done so, the sale as to that part is illegal and void. (*McBride* v. *Lewishan*, 17 Hun, 524.) The sale of the premises in question is illegal and void under the statute of frauds, there being no note or memorandum of the contract in writing, subscribed by the party by whom the sale is to be made. (3 R. S. [5th ed.] 221; *Odell* v. *Montross*, 68 N. Y. 499; *Norris* v. *Lane*, 16 Johns. 151; *Dung* v. *Parker*, 52 N. Y. 494; *Baltzman* v. *Nicolay*, 53 id. 467.)

*Nathaniel C. Moak* for respondents. As the plaintiff was *present at the sale* and bought the property and made *no objection* to the property being sold, as he had directed, in separate parcels, his objection comes too late, even if there was shown any good reason for such objection. (*Wallace* v. *Healy*, 1 Civ. Pro. Rep. 126; *McLaughlin* v. *Teasdale*, 9 Daly, 23.) The presumption is that a sale in parcels will be most advantageous, and the contrary must be made to appear to sustain a sale in bulk in such a case. (*Wolcott* v. *Schenck*, 23 How. Pr. 385.) On judicial sales by the court, by its officer, subject to confirmation, no contract is made and no memorandum of the terms of sale is necessary. (Wood on Stat. of Frauds, § 268; *Willetts* v. *Van Alst*, 26 How. Pr. 325, 342–344; *Hegemen* v. *Johnson*, 35 Barb. 200, 203; *Cazet* v. *Hubbell*, 36 N. Y. 680; *Miller* v. *Collier*, 36 Barb. 253; *Matter of Davis*, 7 Daly, 7, 8; 1 Reed on Stat. of Frauds, §§ 304, 305.) A memorandum

contains only " an *express* consent to the exercise of the powers which we have seen courts of equity assert *ex proprio vigore* over purchasers; and it is doubtful if it *added anything* to the jurisdiction or authority of the court in this particular. (*Miller* v. *Collyer*, 36 Barb. 255; *Warfield* v. *Dorsey*, 39 Md. 302.)  Plaintiff being an attorney at law, having drawn the terms of sale, even were the statute of frauds applicable to the case, he would not be allowed to take advantage of it.  (2 Reed on Stat. of Frauds, § 689; Browne on Stat. of Frauds, § 138.)

EARL, J.  The plaintiff had two mortgages upon a lot of land in the city of Brooklyn, which was about thirty-three feet in width and one hundred feet in depth.  His first mortgage was for about $300, and his second mortgage for about $200. He commenced actions to foreclose both mortgages and both actions were prosecuted to judgment.  This action was for the foreclosure of the second mortgage.  There were two subsequent mortgages upon the same lot, one held by Daniel Doody for $1,200, on the westerly half thereof, and one for $480, held by Owen O'Keefe, on the easterly half thereof, Doody and O'Keefe being defendants in this action.  The plaintiff is an attorney at law and acted in his own behalf in this action. He prepared the terms of sale, which provided that the property would be sold subject to his prior mortgage which was then in judgment, in two separate parcels, to wit, the westerly half and the easterly half.  At the sale he bid off the westerly half for $1,450, and the easterly half for $1,035. He subsequently refused to complete his purchases, and then a motion was made by Doody, who had also become the owner of O'Keefe's mortgages, to compel him to do so, and the motion was granted.  The order granting the motion having been affirmed by the General Term this appeal was taken to this court.  It is claimed by the plaintiff that the sale was not made subject to his prior mortgage, but that the amount due thereon, including the costs of foreclosing the same, was first to be paid out of the proceeds of sale, and that he is not bound to complete his purchase unless the sheriff will assent to such

payment.   On the part of Doody it is claimed that the sale
was made subject to the plaintiff's prior mortgage ; and so the
court below found, and we see no reason to disturb its finding.
The terms of sale, as drawn by the plaintiff, plainly provide
that the sale of each half was to be made subject to his prior
mortgage.   It is true that it is also provided that " all taxes,
assessments and other incumbrances which at the time of the
sale are liens or incumbrances upon said premises will be
allowed by the sheriff out of the purchase-money."   But this
language has no reference whatever to the prior incumbrance
of the plaintiff's mortgage, subject to which the sale was
made, but has reference to other incumbrances, if any.

The amount due upon the plaintiff's judgment was about
$300, and the half of the premises first sold brought $1,455 ;
and the plaintiff, therefore, claims that the further sale of the
other half was void, and that, on that account, he should
not be compelled to complete his purchase.   The sale of
the last half was not absolutely void, and was simply irreg-
ular.   O'Mahoney, the owner of the equity of redemption,
could have come into court and asked to have the sale of the
last half set aside, and if no objection were made by Doody
and O'Keefe, the court would probably have granted his
motion.   But the court, in a foreclosure action, has the power
to order a sale of sufficient of the property mortgaged to pay
all the incumbrances thereon, as well prior as subsequent, if
such a sale is proper for the protection of the interests of all
persons having liens thereon.   It is true that there was
no such provision in this judgment ; but the court had the
power, when the situation of the property and the nature
and amount of the subsequent incumbrances were brought
to its attention, to authorize a sale of both parcels of land,
and to modify the judgment accordingly ; and a sale of both
parcels having been made, it could, in view of all the circum-
stances, ratify the sale. ( *Wolcott* v. *Schenck*, 23 How. Pr.
385 ; *McBride* v. *Leonard*, 17 Hun, 524 ; *De Forest* v.
*Farley*, 62 N. Y. 628.)   Here all the incumbrances, includ-
ing costs and interest, were probably upwards of $2,500, so

that if the proceeds of the sale be applied — first to the satisfaction of plaintiff's first mortgage, there will then be a deficiency upon the mortgages held by Doody; and if the proceeds be applied upon the plaintiff's second mortgage and upon the two subsequent mortgages, there will then be a small deficiency to satisfy the first mortgage. It does not appear that the mortgagor has made any objection to the sale or that he is in any way interested in making any objection thereto. The holder · of the subsequent mortgages desires to have the sale consummated, and he is the only other person to make any objection. Under the circumstances, the plaintiff, himself having conducted the sale, and having bid off the property, cannot be heard now to say, upon such facts as appear in this record, that the sale was illegal or irregular because of the sale of both parcels; and this objection, therefore, does not avail him.

It does not appear that any memorandum of the sale was made or signed by the sheriff or the plaintiff; and he therefore claims that he is not bound by the purchases he made. But it is clearly settled in this state that judicial sales of this kind are not within the statute of frauds, and that they are binding upon the purchaser without any written contract or memorandum of the terms of sale. The sale is made by the court, through the sheriff acting as its officer, and strictly speaking, there can be no written contract. The purchaser could not sue the court, and it could not sue him upon his contract. The sheriff in such a case is under no duty to bind himself personally, or to demand that the bidder shall be bound to him personally; and the bidder is under no obligation to bind himself by contract to the sheriff. By bidding he subjects himself to the jurisdiction of the court, and in effect becomes a party to the proceeding, and he may be compelled to complete his purchase by an order of the court and by its process for contempt, if necessary. The statute of frauds has no operation in such a case, and so it has frequently been decided. (Reed on Stat. of Frauds, § 304; Wood on Stat. of Frauds, § 261; *Willets* v. *Van Alst*, 26 How. Pr. 325; *Hegeman* v. *Johnson*, 35 Barb. 200; *Miller* v. *Collyer*, 36 id.

253; *Matter of Davis,* 7 Daly, 7, 8; *Cazet* v. *Hubbell,* 36 N. Y. 680.)

We are, therefore, of opinion that the order should be affirmed, with costs.

All concur.

Order affirmed.