(19 Misc. Rep. 40.)

### CRANE v. ROBINSON.

(Supreme Court, Appellate Term, First Department.　December 28, 1896.)

MORTGAGE FORECLOSURE—SALE BY REFEREE—ACTION FOR PRICE.

A referee appointed to sell in foreclosure proceedings sought by motion to compel the payment, by the assignee of the purchaser, of an amount retained for taxes out of the amount of the bid, in accordance with the terms of sale. The motion was denied, on the ground that the time of delivery of the referee's deed was, in effect, the time of sale. On a subsequent application to confirm the sale the referee was charged with the amount so retained by the assignee, a contrary view being taken of the law as to the time of sale. *Held*, that the referee's remedy was by a renewal of his motion aganist the assignee, and not by action against him for the balance.

Appeal from Seventh district court.

Action by Royal S. Crane, as referee, against Eleanor J. Robinson. From a judgment for costs in favor of defendant, plaintiff appeals. Affirmed.

The action is by a referee appointed by the supreme court to sell premises under decree of foreclosure against the assignee of the bidder to whom the premises were struck down at public auction. It was brought to recover the sum of $162.35, which she claimed the right to deduct from the amount of the bid, and to retain for taxes under the terms of the decree. The sale was had on June 17, 1895. It was not delivered until September, 1895, after the taxes for that year had been confirmed. It was contended by the referee that the delay in the delivery was caused by the defendant.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Isaac N. Miller, for appellant.

C. P. Northrop and Bowers & Sands, for respondent.

DALY, P. J.　The dismissal of this action by the justice was proper, because no action at law will lie by a referee appointed by the court to sell property under foreclosure against the purchaser, or his assignee, who either fails to complete his purchase, or fails to pay the consideration, or any part of it, on the delivery of the referee's deed. The remedy of the referee is by motion to the court in the original action in which the sale has been had, to whose jurisdiction the purchaser and his assignee submit themselves with respect to all matters connected with the sale. The purchaser or the assignee may be com-

pelled to complete or to relinquish his purchase, and the court by whose order the sale is made must decide in the original suit whether either is equitable and right. "The existence of this jurisdiction in the original action is a sufficient reason why a court of law should not entertain a new action on the alleged contract as between party and party." Miller v. Collyer, 36 Barb. 250. The sale by the referee is a proceeding in the action. The purchaser who signs a memorandum of the terms of sale submits himself to the jurisdiction of the court. His rights and liabilities do not grow out of contract, but arise from this proceeding and submission. Willets v. Van Alst, 26 How. Prac. 326–343. "The sale is made by the court through the sheriff acting as its officer, and, strictly speaking, there can be no written contract. The purchaser could not sue the court, and it could not sue him upon his contract. The sheriff in such case is under no duty to bind himself personally, or to demand that the bidder shall be bound to himself personally. The bidder is under no obligation to bind himself by contract to the sheriff. In bidding he subjects himself to the jurisdiction of the court, and, in effect, becomes a party to the proceeding, and may be compelled to complete his purchase by order of the court, and by its process for contempt, if necessary. Andrews v. O'Mahoney, 112 N. Y. 567, 20 N. E. 374. It appears that the referee resorted to the proper remedy, and sought by motion at special term in the action in which the sale was had to compel the payment by the assignee's attorneys of the sum which they insisted they had a right to retain, and did retain, out of the amount of the bid. His motion was denied, presumably because in construing the terms of sale, which permitted a deduction of taxes accrued at the time of sale, it was considered that the time of the delivery of the deed was to be deemed the time of sale; following a memorandum decision in Moeslein v. Hyman, N. Y. Law J., Sept. 26, 1895. The referee seems to have relied upon this view of the law by the court which appointed him, and to have permitted the assignee to retain out of the bid the amount of the taxes in dispute. But upon a subsequent application at special term in the same action for the confirmation of his report of sale a contrary view of the law was taken by the court, and he was required, at the instance of the defendant in foreclosure, to make good to the surplus moneys the amount of such taxes. He then resorted to this action.

As we have seen, this action cannot be maintained. The referee took the proper proceeding in the first instance by motion to the court which appointed him and in the action in which he was appointed. If the later decision of the special term in that action be correct, he should have prevailed upon the original motion, and the attorneys of the assignee should have been compelled to refund the amount of the taxes retained by them. He will not be permitted by the court which appointed him to suffer because he acquiesced in its first order to allow the amount of the taxes to such assignee, and was afterwards compelled to account for it to the defendant entitled to the surplus. He will undoubtedly be allowed a rehearing or renewal of his original application or relief in a new motion against the assignee upon timely application at special term.

Judgment appealed from affirmed, with costs. All concur.