## STROTHER et al. v. WILKINSON et al.

No. 14148—Opinion Filed January 2, 1925.

Rehearing Denied March 3, 1925.

(Syllabus.)

1. Mortgages—Notice of Foreclosure Sale —Validity of Publication in Plaintiff's Newspaper.

Where notice of sale in a foreclosure proceeding is published in a newspaper of general circulation, in compliance with sections 3569 and 3570, Comp. Stat. 1921, and proof thereof has been made as required by section 254, Comp. Stat. 1921, held, first, it not appearing upon the face of the record that the party interested in the suit was the owner of said paper, nor did he make the affidavit required in section 254, Comp. Stat. 1921, neither the publication nor the sale thereunder was void; held, further, where the evidence is disclosed that the publication was published in a newspaper having the largest circulation of any newspaper in the county and there was no evidence that the opposing party had been prejudiced thereby, it is not error to overrule objections to confirmation of sale upon the ground that the publication was published in a newspaper owned by the plaintiff.

2. Same — Suretyship — Time to Litigate Question in Mortgage Foreclosure—Objection to Confirmation.

The question of principal and surety cannot be raised for the first time by objection to confirmation of a foreclosure sale, and the party cannot by objection to confirmation of sale litigate the question of principal and surety for the purpose of being declared a surety, and for an order requiring the plaintiff to exhaust his remedy first against the principal. This question, if litigated, must be litigated at the time the original judgment is entered.

3. Mortgages—Foreclosure — Payments by Purchaser—Time—Orders.

Where plaintiff filed a motion for confirmation of sale upon return of the sheriff, which return recited the property had been sold for cash, and objection was made to the confirmation, but no objection was made to the confirmation upon the ground the cash had not been actually paid, and during the trial it developed that two pieces of the property were sold without the sheriff ac-

tually collecting the cash as to those properties, and the court made an order directing the cash be paid, and the sheriff issue a deed, there being no evidence of fraud, or evidence that the party was not able to comply with said order of the court, said order of the court was not void, nor erroneous, without a showing that the parties objecting to the confirmation were prejudiced thereby.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Sam F. Wilkinson against H. R. Strother and others on notes and to foreclose real estate mortgage; cross-petition by the Commercial National Bank of Nowata. Judgment for plaintiff and cross-petitioner. Pending appeal, the mortgaged lands were ordered sold pursuant to decree of foreclosure, and from order confirming sale Strother and others appeal. Affirmed.

Hamilton & Pendleton, Glass & Calvert, and Rainey & Flynn, for plaintiffs in error

E. J. Raymond and Geo. B. Schwabe, for defendants in error

PER CURIAM. This action was commenced to recover three promissory notes and to foreclose a real estate mortgage securing the same. From a judgment for plaintiff and cross-petitioner an appeal was brought to this court and the judgment complained of affirmed in the case of Strother et al. v. Wilkinson et al., 90 Okla. 247, 216 Pac. 436. While this appeal was pending, the judgment sought to be reviewed not having been superseded, an order was made pursuant to which the lands described in the decree of foreclosure were sold. From the order of the court confirming the sale of these lands this second appeal is brought.

Plaintiffs in error rely upon three propositions for reversal, the first of which is:

"That there was no valid notice of sheriff's sale published, for the reason that the purported and pretended notice of sheriff's sale was published in the Nowata Weekly Star, of which paper the defendant in error Sam F. Wilkinson was the sole owner and proprietor; and that any notice published therein in which the said defendant, Sam F. Wilkinson, was interested as a litigant is void and conferred no jurisdiction upon the sheriff of Nowata county to conduct the sale and conferred no jurisdiction upon the court to confirm the sale".

Section 3570, Comp. Stat. 1921, provides for the selection of newspapers for the publication of notices as follows:

"In all cases provided by law for the publication of notice in a newspaper, the party or attorney upon whose application or behalf the notice shall be published shall have the right to designate the newspaper in which such publication shall be had, and it shall be the duty of the officer whose duty it shall be to sign or certify to such notice to have the publication in the newspaper so designated and no other: provided such newspaper shall come within the provisions of section 2954, Revised Laws of Oklahoma, 1910."

Section 2954, Revised Laws 1910, referred to in section 3570, supra, is the same as section 3569, Comp. Stat. 1921, and it is not claimed that the newspaper in question fails in any particular to come within the provisions of this statute.

Plaintiffs in error contend that since Wilkinson is a party to the litigation the notice published in his newspaper is void for want of a proper person to make proof of publication of such notice. Section 254, Comp. Stat. 1921, relating to proof of service by publication, provides that "such service shall be proved by the affidavit of the printer: or his foreman or principal clerk, or other person knowing the same." It is not claimed that Wilkinson made the affidavit in this case; furthermore, it does not appear that he could qualify to make proof of publication of the notice, if that part of the section just quoted be applicable in this respect, and it seems it might be.

Also it is insisted that authorities holding it to be against public policy for interested parties to serve process sustain by analogy appellants' contention that the notice is void. To this we cannot agree. It seems that the only reason for enacting section 3570, supra, would be to give to the person most interested in having the notice legally and fairly published the right to designate the paper for the publication of such notice. If this view be correct, it could not be objectionable, in the absence of fraud or malconduct, for the person upon whose behalf the notice is to be published to select his own paper for that purpose. In the case at bar there is no accusation of fraud or unfairness, and the statement that the Nowata Weekly Star had at the time the notice in question was published a circulation in Nowata county greater than that of the combined circulation of the two other county papers is uncontradicted. Of course a person should be fair in every way in selecting his own newspaper for the publication of notices in cases in which he is interested, but the fact of ownership alone will not render the notice so published void.

The second proposition is that confirmation of the sale of the property of Barbara K. Strother was error for the reason that she was a surety of the principal defendant

below, and her property should not have been sold until the property of the principal debtor was exhausted. Under section 721, Comp. Stat. 1921, the trial court is authorized, upon evidence, to find the true relation existing between codefendants where the question of principal and surety is presented, and to direct the clerk to enter judgment against one as principal and another as surety if such is found to be the case. But the question of principal and surety cannot be raised for the first time by objection to the confirmation of a foreclosure sale. The order of confirmation is an adjudication merely that the proceedings of the officer as they appear of record are regular, and a direction to the sheriff to complete the sale. Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 181, 221 Pac. 486.

Under the third proposition it is contended that the court erred in confirming the sale for the reason that the sheriff's amended return showed, notwithstanding the land was advertised and sold for cash, that the bids for two parcels of the land had not been paid, and that the bidders refused to pay the same. This objection was not made in the trial court, and it is difficult to see how it could have been urged with any degree of force. The record shows that the land sold for less than the amount of the judgment in favor of defendants in error. The order of confirmation credited the judgment with the amount bid at the sale, then how, in these circumstances, can appellants suffer because of the purchaser's refusal to pay the purchase money? In McLagan & Pierce v. Witt. 96 N. W. 490, the Supreme Court of Nebraska said:

"Objection 4 is that the return shows on its face that no money was paid. This is true, but it is impossible to see how the appellant, Witt, is damaged by that fact. His indebtedness upon the decree is diminished to the extent of the amount of the bid, so far as it shows, and appellees are in any event estopped from complaining that the decree is not satisfied to that extent, because they were appearing in the lower court to procure the confirmation, and are appearing here to uphold it".

However, inasmuch as this is the second appeal in this case, and in order to avoid a possible third, we will decide this by adopting from 16 R. C. L., section 120, as follows:

"Accordingly, where the purchaser refuses without good cause to make his bid good, or to comply with any or all of the terms of sale as proposed and duly accepted, he may be forced to do so by rule, attachment, commitment of the person, or other proper process, according to the nature of the case, issuing out of the court under whose decree the sale is had. This authority of the court to proceed in a summary way by order to enforce compliance instead of by bill in equity, is derived from the inherent jurisdiction of the court to enforce and give effect to its own orders and decrees, and is based upon necessity arising from the peculiar nature of the transaction. Before the purchaser can be summarily proceeded against for the enforcement of his contract of purchase, however, his bid must be accepted by the court, through ratification, and his contract thereby perfected and his status as purchaser finally established. The reason is that a judicial sale not being complete, ordinarily, until confirmation, there is no right until then in the person selling to complete the sale by demanding the money and making a conveyance; and the purchaser, being under no obligation to complete his purchase. is not in default. The order of court finally ratifying and confirming a sale for cash amounts to a decree for the payment of money; and if that court could not enforce the execution of it, it could not be enforced at all. Considering the order of confirmation as a decree for payment, it follows that the purchaser who neglects or refuses to comply therewith by making good his bid is in contempt of court and may be dealt with accordingly; for a purchaser cannot be permitted to disobey a lawful order of the court more than any other person. This remedy by motion to show cause is favored because of its simplicity, expedition, and cheapness; and when relief can thereby be given in the pending action, an independent suit to recover the purchase money will not be entertained. * * *"

Plaintiffs in error contend that under the holding in Price v. Citizens State Bank, supra, the order of confirmation in the instant case is void for being in conflict with section 709, Comp. Stats. 1921. The objection to the order in the Price Case is stated in the opinion as follows:

"The plain import of the order of confirmation is that, under said order, the sheriff was to make and tender to the purchaser a deed, who had three days thereafter within which to pay the balance of the purchase money to such officer. In this we think there was error, it being clearly in conflict with the statute."

The order of confirmation in the case at bar differs materially from the order in the Price Case in that it provides for the execution of a deed upon the payment of the purchase money, and not before such money is paid to the sheriff. The order of confirmation was a demand for the immediate payment of the purchase price by the bidder with directions to the sheriff to execute a deed upon the payment of such money. If the purchaser failed or neglected to pay

his bid, the court could, upon motion, take such action as it deemed best in the premises. The order in the Price Case gave the purchaser three days after the deed was tendered in which to pay the balance of his bid, with the provision that the order of confirmation be rendered void by his refusing to pay the money within that time. The facts in the authority cited are not the facts in the case at bar, therefore, the holding based upon such facts is not applicable here. A bidder to whom the property has been struck off at a judicial sale has no right thereafter to retract his bid and thus baffle the sale. Undoubtedly, therefore, as soon as the property is knocked off to him, he incurs a liability for the price he bid. The reason why this should be the law is stated in Andrews v. O'Mahoney, 112 N. Y. 567, in the following language:

"It does not appear that any memorandum of the sale was made or signed by the sheriff or the plaintiff: and he therefore claims that he is not bound by the purchases he made. But it is clearly settled in this state that judicial sales of this kind are not within the statute of frauds, and that they are binding upon the purchaser without any written contract or memorandum of the terms of sale. The sale is made by the court, through the sheriff acting as its officer, and strictly speaking, there can be no written contract. The purchaser could not sue the court, and it could not sue him upon his contract. The sheriff in such a case is under no duty to bind himself personally; or to demand that the bidder shall be bound to him personally; and the bidder is under no obligation to bind himself by contract to the sheriff. By bidding he subjects himself to the jurisdiction of the court, and in effect becomes a party to the proceedings, and he may be compelled to complete his purchase by an order of the court and by its process for contempt, if necessary. The statute of frauds has no operation in such a case. and so it has frequently been decided." Authorities cited.

To hold it error to confirm a sale for cash where the bidder to whom the property was struck off refused to make his bid good, would offer opportunity to unscrupulous and designing persons to baffle every judicial sale attempted.

The trial court committed no error in confirming the sale, therefore, the order appealed from is affirmed.