## Staunton.

BOYCE v. STROTHER ET ALS.

October 16, 1882.

1. JUDICIAL SALES—*Caveat emptor.*—It is well settled that a purchaser at a judicial sale, with full knowledge of all the facts connected with the title, will not, after the sale has been confirmed, be entitled to any abatement of the purchase money, or any suspension of its collection on account of any defect in the title.

2. IDEM—*Resale—Rule.*—Where the purchaser is in default in paying the purchase money, and a rule is awarded requiring him to show cause why there should not be a resale of the land, the objection that the rule is returnable to the same term at which it is issued, is without force, provided sufficient time is given to answer the rule.

Appeal of Mrs. B. F. W. Boyce from the decrees of the circuit court of Frederick county entered 15th November, 1881, ordering a rule, and 26th November, 1881, ordering a resale, in a certain suit therein pending, wherein J. T. Strother and others were complainants, and U. L. Boyce and others were defendants. The object of the suit and the facts and the proceedings in the case are sufficiently stated in the opinion of the court for the understanding of the points decided.

*Dandridge & Pendleton,* for the appellant.

*Barton & Boyd,* for the appellees.

BURKS, J., delivered the opinion of the court.

After the foregoing opinion was written, the case of *Boyce* v. *Strother and others* was submitted for decision.

The appellant (Mrs. Boyce) was the purchaser of the lands sold under the decree of June 20, 1879. She paid all the purchase money except the last deferred instalment, as to which she was in default. In answer to a rule to show cause why the land she purchased should not be resold for the balance of purchase money due and unpaid, she set up several grounds of defence, all of which were deemed insufficient, and a decree for a resale of the land was entered, from which an appeal was allowed her.

Her main contention was, that the title to 210 acres of the land she purchased was involved in doubt, by reason of the fact that it was claimed by Joseph T. Wright under the first partition of the lands of Joseph Tuley, and although that partition had been in effect set aside by the decree of May 26, 1879, yet that Wright had taken an appeal from the decree which was pending in this court, and if he prevailed in that appeal here, she would lose the land. She was not entitled, on well settled principles, to any abatement of the purchase money, nor any suspension of its collection, for defect of title, if any such existed, for she purchased it at a judicial sale with full knowledge of Wright's claim, and was, in fact, at the date of her purchase associated with Wright in the appeal. But if my opinion just delivered in the other two causes prevails, though she has incurred great risk, she will have suffered no damage, at least under the decree complained of.

Another ground of defence was, that there were taxes on the land she purchased in arrear and unpaid. The circuit court, in its decree, sets apart a fund for the payment of the taxes, if any there be, and without passing on her right to have any of the purchase money due by her applied to the payment of such taxes reserves to her the liberty hereafter to produce such evidence as she may properly produce to sustain her averments as to said taxes claimed by her to be unpaid. This would seem to be as much as she could ask for.

She also claimed that there was a judgment of Mary W. Tuley against Joseph T. Mitchell outstanding and unpaid, which was a lien on the land she bought. But it abundantly appears that that judgment, if not already paid, as it would seem it has been, will be paid out of the interest of said Mitchell in the estate of his mother, Mary Mitchell, in the hands of her executor, which estate is being administered in the suit of Xaupi *v.* Thomas.

She also averred in her answer that she was informed that there are sundry other liens on the land unaudited and unpaid. She specified none, and the averment is of the vaguest and most general character, unsupported by the least evidence, and without assurance that any could be produced. Of course, such an averment was disregarded by the court.

The objection that the rule was returnable to the same term at which it was awarded, is without force. She had full time to answer it. She did answer, and the cause might have been continued if she had shown sufficient cause for the continuance, or there might have been a reference to the master if there had been any necessity for it. But there was no propriety, under the circumstances, in ordering either.

I am satisfied that there is no error in the decree of the circuit court, and it should be affirmed.

DECREE AFFIRMED.