# Richmond.

## ROBERTSON v. SMITH.

### January 28, 1897.

1. JUDICIAL SALES—*Confirmation—Affidavits—Depositions—Reference to a Com-missioner.*—Upon a question of the confirmation of a judicial sale it is usual to allow either party to read *ex parte* affidavits. But the trial court may, in its discretion, require depositions to be taken, in whole or in part, or refer the matter to one of its commissioners. In the case at bar no objection was made to the reading of the affidavits, and the record does not disclose any error in permitting them to be read, even if that question could be raised for the first time in the appellate court.

2. JUDICIAL SALES—*Terms differing from decree—Effect of confirmation.*—Though a judicial sale be made on terms differing from those prescribed by the decree of sale, yet the confirmation of the report of sale cures the irregularity, and gives the sale the same validity and effect as if made upon the precise terms of the decree.

3. STATUTE OF FRAUDS—*Judicial sales, not within the Statute.*—A party who relies on the statute of frauds must generally do so in his pleadings. A judicial sale, however, made under a decree of a court of chancery is not within the statute of frauds. It is binding on the bidder or purchaser without any written contract or memorandum signed by him or his agent.

4. JUDICIAL SALES—*Rule against purchaser to compel compliance with.*—A purchaser at a judicial sale who fails to complete his purchase or to comply with the terms of sale may be proceeded against by rule and compelled to do so.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced February 10, 1893, in a suit in chancery, wherein the appellee, Harry F. Smith, was the complainant, and James Netherwood and others, were the defendants.

*Affirmed.*

The opinion states the case.

*Wyndham R. Meredith,* for the appellant.

*Shield & Newton* and *D. C. Richardson,* for the appellees.

Buchanan, J., delivered the opinion of the court.

The commissioners who were directed to make the sales in this case, reported to the court on the 11th of October, 1892, that they had sold the forty-two acre parcel of land to the appellant for the price of $1,800, and that the conditions of the sale were "that he should pay $1,800 of the purchase money in cash, and assume the mortgage of $10,000, and also have the 'Quarry tract,' which was also subject to the lien of the mortgage, released from the same." They reported further that the appellant had paid "$1,000 as earnest of his good faith in the premises, but has not otherwise proceeded to comply with the terms of his purchase." On the 1st of November following, they reported to the court that the appellant was still in default in complying with the terms of sale in this, that he had not had the "Quarry tract" released from the lien of the mortgage, nor had he paid the same, and asked for a rule against him to show cause why the land should not be resold at his risk and costs for his failure to comply with the terms of sale. A rule was awarded against him returnable to the 10th of November, and another returnable to the 15th of December, 1892, but no further action seems to have been taken upon these rules. Upon the 4th of February, 1893, James Netherwood, the purchaser of the "Quarry tract," which was sold to him by the same commissioners, upon the representation that the appellant had agreed to have the mortgage lien upon the "Quarry tract" released, asked for a like rule against the appellant, returnable to the 8th day of that month. To this rule the appellant answered that he had fully complied with the terms of his purchase according to his contract signed by the parties to the suit, and in accordance with the terms of a decree rendered in the cause on July 29, 1892, and that a deed, as provided for in that decree, had

been delivered to him; and he filed with his answer the contract made with the parties to the suit.    Upon the hearing of that rule, and a rule awarded against James Netherwood, the purchaser of the "Quarry tract," the affidavits of the commissioners who made the sale were read in evidence.    This is assigned as error by appellant.

Upon a motion to confirm a commissioner's report of sale, or upon a rule against a purchaser or bidder at such sale to show cause why he shall not be required to comply with the terms of his purchase or bid, courts of equity must be able to act in a summary manner.    It is the usual practice to allow *ex parte* affidavits to be read by either party.    This is ordinarily the proper practice, but the trial court, in the exercise of a just discretion, may require depositions to be taken in whole or in part, instead of *ex parte* affidavits, so that an opportunity for cross-examination may be had, or it may refer the matter to one of its commissioners where there is a necessity for it.    *Savery* v. *Sypher*, 6 Wall. 157; *Boyce* v. *Strother*, 76 Va. 862, 864; *Kable* v. *Mitchell*, 9 West Va., at page 517; 2 Barton's Chy. Pr., p. 1103.

There was no objection made to the reading of the affidavits in the chancery court, and there is nothing in the record to show that the court erred in allowing them to be read even if that question could be raised for the first time in the appellate court.

The deed executed to the appellant by the commissioners was executed without authority of the court, does not conform to the terms of the sale as reported and confirmed, was delivered to the appellant, it seems, by inadvertence of the commissioners, and, as declared by the court in its decree of February 10, 1893, was null and void.

The evidence in the case clearly shows that the appellant purchased the forty-two acre tract of land from the commissioners of the court upon the terms and conditions stated in their report filed October 11, 1892.

It is true, as contended by appellant, that the terms of the sale as reported differed from the terms of the decree under which the commissioners were acting, in this, that in addition to making the cash payment and assuming payment of the $10,000 mortgage, as required by the decree, the purchaser also undertook to have the lien of the mortgage on the "Quarry tract" of land released. The confirmation of the report of the commissioners by the court cured this irregularity, and gave the sale of the commissioners the same validity and effect as if they had sold upon the precise terms of the decree. *Langhyer, Trustee* v. *Patterson Bros.*, 77 Va. 470; Rorer on Judicial Sales, secs. 122, 127. The confirmation of the sale as reported does not appear from the decree confirming the report (for a only a portion of the record was copied for this appeal), but from a recital of that fact in the decree of the court entered February 10, 1893. The court entered a decree requiring the appellant within sixty days to fully comply with the terms of his purchase by causing a proper release of the lien of the mortgage upon the "Quarry tract" of land to be made and delivered to the commissioners, and upon his failure to do so directed a sale of the land to be made at his risk and costs.

This action of the court is assigned as error.

The appellant contends that, even if it were proved that he purchased the land from the commissioners of the court and not from the original owners, the contract was within the statute of frauds, and could not be enforced. There was no such defence made in the Chancery Court. A party who relies upon the statute of frauds must generally rely upon it in his pleadings; but if, in a summary proceeding by way of a rule to show cause, this were held to be unnecessary, his contention cannot be sustained. Judicial sales made by chancery courts, through its commissioners, are not within the statute of frauds, and are binding upon the bidder or purchaser without any written contract or memorandum of sale signed by him, or

his agent.   By bidding he subjects himself to the jurisdiction of the court, and in effect becomes a party to the proceedings in which the sale is made, and may be compelled to complete his purchase by the process of the court.   *Brant* v. *Green*, 6 Leigh 16, 24-5; 2 Lomax's Dig. 43 (side page 33); 2 Minor's Inst. 857 (4th Ed.); *Andrews* v. *O'Mahoney*, 112 N. Y. 567; *Warfield* v. *Dorsey*, 39 Md. 299; Reed on Statute of Frauds, secs. 304, 305; Brown on Statute of Frauds (5th Ed.), sec. 265.

Where a purchaser or bidder at such sale fails to complete his purchase, or to comply with the terms of sale, he may be proceeded against by rule, and compelled to do so.   *Clarkson* v. *Read*, 15 Gratt. 288, 291; *Thornton* v. *Fairfax*, 29 Gratt. 669, 677; *Williams* v. *Blakey, Com'r.*, 76 Va. 254; *Hickson* v. *Rucker*, 77 Va. 135; 1 Barton's Chy. Pr., 161.

We are of opinion that there was no error in the decree appealed from, and it will be affirmed.

*Affirmed.*