FREDERICK A. ARCHER, JR., Respondent, v. LEWIS N. ARCHER et al., Defendants; EMANUEL G. BACH, Purchaser, Appellant.

ASSIGNEE OF BID MADE AT JUDICIAL SALE — INTERFERENCE WITH THE PROCEEDING. One who purchases of the vendee, at a sale in partition, his bid, receives an assignment of the same in writing, requests the deed, and, upon subsequently asking to be relieved from taking title, because of an alleged incumbrance, invites the institution of a proceeding by which he hoped to obtain an adjudication so relieving him, submits himself to the jurisdiction of the court by reason of his interference with the proceeding, and may be compelled to complete the purchase.

*Archer* v. *Archer*, 84 Hun, 297, affirmed.

(Argued March 1, 1898; decided April 19, 1898.)

APPEAL from an order of the late General Term of the Supreme Court in the second judicial department, entered March 5, 1895, affirming an order of Special Term directing

an assignee of the purchaser at a partition sale to complete the purchase.

The facts, so far as material, are stated in the opinion.

*Edwin L. Kalish* for appellant.   The order appealed from is reviewable here.   (Code Civ. Pro. §§ 190, 1337 ; *People ex rel.* v. *Common Council*, 78 N. Y. 56 ; *Howell* v. *Mills*, 53 N. Y. 322 ; *Bamberg* v. *Stern*, 76 N. Y. 555.)   The Special Term was without power to compel the appellant to complete the Booth purchase.   ( *Wood* v. *Mann*, 3 Sumn. [U. S.] 322 ; *Requa* v. *Rea*, 2 Paige, 341 ; *Cazet* v. *Hubbell*, 36 N. Y. 677 ; *Miller* v. *Collyer*, 36 Barb. 250 ; *Burton* v. *Linn*, 21 App. Div. 610 ; Sugden on Vendors, 109, § 54; Pomeroy on Spec. Perf. § 487; Waterman on Spec. Perf. §§ 59, 68 ; *Corbus* v. *Teed*, 69 Ill. 205 ; *Cole* v. *Hughes*, 54 N. Y. 448 ; *Belmont* v. *Coman*, 22 N. Y. 438.)

*Seward Baker* for respondent.   The respondent is entitled to an order directing the completion of the purchase.   (*Scriver* v. *Smith*, 100 N. Y. 479 ; 15 Johns. 483 ; *Wells* v. *Garbutt*, 132 N. Y. 430 ; 2 Black. Comm. 18 ; Gerard's Tit. to Real Estate [4th ed.], 100 ; 12 Am. & Eng. Ency. of Law, 655.) It is common practice to assign the bids and purchases made at legal sales, and the assignee of such a bid and sale takes upon himself all the duties and liabilities of the assignor. (*Requa* v. *Rea*, 2 Paige, 341 ; *Cazet* v. *Hubbell*, 36 N. Y. 677 ; *Proctor* v. *Farnam*, 5 Paige, 614.)

PARKER, Ch. J.   In pursuance of a judgment of sale in partition, the appellant Bach purchased lot No. 2, while William Booth bought lot No. 1.   The terms of sale were signed by the purchasers respectively, who, at the same time, paid down ten per cent required upon the signing of the terms of sale.   A few days later Bach took an assignment of Booth's bid, and immediately thereafter advised the attorney for the plaintiff that he had done so, at the same time directing that a deed be prepared conveying to him lots Nos. 1 and 2 in one

conveyance. The referee prepared and executed the deed in accordance with such instructions, but Bach subsequently refused to accept it on the ground that a stream of water ran across Oostdorp avenue and across plot No. 1, and then across Mechanic street. Proceedings were thereafter instituted to compel Bach to take title, resulting in an order of the Special Term directing him to complete his purchase, which order was affirmed at the General Term. On this review the only question presented is whether the court had jurisdiction to compel Bach to take title to plot No. 1, which was purchased at the sale by Booth, who immediately thereafter, in writing, assigned his bid, and the terms of sale and his rights thereunder to Bach. The jurisdiction of the court to compel a purchaser at a judicial sale to complete his purchase is well settled. ( *Wood* v. *Mann*, 3 Sumn. [U. S.] 322; *Requa* v. *Rea*, 2 Paige, 341; *Cazet* v. *Hubbell*, 36 N. Y. 677; *Miller* v. *Collyer*, 36 Barb. 250.)

Judge STORY, in *Wood* v. *Mann* (*supra*), says that the authority to compel a purchaser to complete his purchase " stands upon the strictest principles of the court, that he who makes himself a party to the proceedings of the court, and undertakes to do a particular act under the decretal orders of the court may be compelled to perform what he has undertaken. It is a mere incident to the due exercise of the principal jurisdiction, and is indispensable to the due enforcement of the orders of the court upon persons who have submitted themselves to its jurisdiction."

In *Proctor* v. *Farnam* (5 Paige, 614) the court said : " It is a familiar principle that any one who interferes *pendente lite* with the subject-matter of a suit in equity, submits himself to the jurisdiction of the court, to be exercised by petition or motion in the original suit, and that he acquires no rights in that manner which may not be modified, controlled or directed, without any new proceeding directly against him ; and this doctrine applies with full force to this case of a purchaser under a decree, and to all who claim interest under him." In the case just cited the assignee of the bid of a pur-

chaser at a judicial sale obtained the order of the court, against the protest of such purchaser, directing the execution of the conveyance immediately to him by the master. The appellant urges, however, that this rule is not applicable to the mere assignee of the vendee of a contract to purchase land, because the assignee, by simply accepting the assignment, has not undertaken to do any particular act under the orders of the court, so as to vest it with the authority to put him in motion ; that by the assignment in this matter Bach acquired the option to complete the purchase and take title, but that no one could compel him to do so, not even his assignor; and that in such case the remedy under the judgment is to compel the purchaser at the sale to complete the purchase.

The difficulty with the appellant's position seems to lie in his assumption of facts. While it is true that the facts in this case are not like those of any other to which our attention has been called, still they bring this case within the principle established in the cases cited, which predicates the power of the court to compel the purchaser to take title, upon his interference with the proceedings had under the order of the court, by which it is said he subjects himself to its jurisdiction and may be compelled to perform whatever he has undertaken. The interference in the cases cited was in bidding at a judicial sale and undertaking to pay for the property the sum bid. Now, in this case, while the appellant did not purchase at the sale, and, therefore, was not within the facts of such cases as I have referred to, he did purchase, for a valuable consideration, of the vendee his bid, which, together with the terms of sale, was assigned to him in writing. Had he stopped there, the question which the appellant argues would be before us. But he did not. Armed with the assignment of the bid, he went to the attorney for the plaintiff, to whom he showed the evidence of his right to the plot purchased by Booth, and requested and directed that the deed to be prepared should convey to him plots Nos. 1 and 2 in one conveyance.

The attorney for the plaintiff and the referee promptly recognized the substitution of Bach for Booth as to plot No.

1, and in due time prepared and executed a deed for the property in the manner requested by Bach. But this was not his only interference with the proceedings. Later on he found that a small stream ran across the premises, and he objected that this stream constituted an incumbrance, and requested to be relieved from the purchase on that ground. This request was denied, and on the 13th of July Bach's attorney addressed a letter to the plaintiff's attorney, which read as follows:

"SEWARD BAKER, Esqr.:

"DEAR SIR.— Mr. Bach desires to be relieved from the purchase on the grounds I stated to you some time ago. Will you bring up this question by a motion to compel him to complete? If you desire to do this, I suggest that we agree upon the papers within a few days, as I intend going out of town during August.

"Yours truly,

"EDWIN L. KALISH."

As we have already observed, the ground of his objection was that this stream of water constituted an incumbrance. No other ground was ever suggested so far as this record discloses. Bach makes an affidavit and so does his attorney, but neither of them suggests as an objection that Bach being merely the assignee of the purchaser of plot No. 1, the court could not require him to take title. The letter, therefore, was an invitation to institute this proceeding. It recognized that his conduct had been such as to give the court jurisdiction, and in view of what had taken place between the parties before it was written, it imported that he hoped to be relieved by the court from completing the purchase upon the ground that the stream of water constituted an incumbrance. His invitation for the institution of this proceeding was promptly accepted, and affidavits were presented by the attorneys for the respective parties and by Bach himself, but the only fact in controversy in the affidavits related to the question of knowledge on Bach's part as to the existence of the stream at the time he purchased the bid from Booth.

It is unnecessary to pursue this subject further, for it is quite apparent that Bach so far interfered with the proceedings of the court as to submit himself to its jurisdiction within the rule to which we have referred. Not only did he take an assignment of the bid and demand a deed of the property, but he also in recognition of the jurisdiction of the court invited the institution of a proceeding by means of which he hoped to obtain an adjudication relieving him from taking title because of a supposed incumbrance.

The order should be affirmed, with costs.

All concur.

Order affirmed.