[No. 10223. Department Two. August 26, 1912.]

John E. Rice, *Trustee, Plaintiff*, v. Charles Ahlman *et al.*,
*Respondents*, Jacob Beck, *Appellant*.[1]

Judicial Sales—Bids—Jurisdiction Over Purchaser. The purchaser at a receiver's sale made under order of court submits himself to the jurisdiction of the court, and may be compelled to comply with his bid by rule in the original case.

Frauds, Statute of—Judicial Sales. Judicial sales do not fall within the statute of frauds.

Appeal, by the purchaser at a receiver's sale, from an order of the superior court for Whatcom county, Joiner, J., entered November 23, 1911, confirming the sale and directing payment of the purchase price. Affirmed.

[1] Reported in 126 Pac. 66.

*John R. Crites,* for appellant.

*Neterer & Pemberton* and *Waters & Downer,* for respondent Livesey.

MORRIS, J.—This is a separate appeal in the case of *Rice v. Ahlman, ante* p. 6, 126 Pac. 64, and grows out of the orders of the court in appointing the receiver and in enforcing a sale of the building by the receiver to the appellant Beck, who is the owner of the ground upon which the building is located. The receiver, upon his appointment, was directed by the court to either remove or sell the building within the time then remaining when, under the terms of the lease, the building could be removed or otherwise disposed of, a period of about ten days. Upon being so directed, the receiver sought Beck and reported to the court that he had sold the building to him for the sum of $5,000, but that Beck had delayed completing the sale by refusing to accept title from the receiver and pay the agreed price. The court thereupon made an order directing Beck to show cause why he should not be required to complete his purchase and pay the receiver the sum of $5,000. This order was quashed by the court on November 3, 1911, for the reason, we gather from the record, that the court assumed, since it was made in Skagit county, jurisdiction was doubtful. The court thereupon, on the same day while sitting in Whatcom county, made a second order directing Beck to appear in court November 23, 1911, and show cause why the prayer of the receiver should not be granted, and directed service of this second order to be made upon Beck and all other parties litigant in the original suit. The matter coming on finally to be heard after the court had overruled numerous attacks upon its jurisdiction made by Beck, the court found that, on June 2, 1911, Beck purchased the building and other property from the receiver for the sum of $5,000, entered its order confirming the sale, and ordered Beck to pay the purchase price to the

receiver within thirty days. From this order, Beck has appealed.

The first contention is that the order appointing the receiver is void, because made within Skagit county and without notice. This error has been disposed of in the main case and will not be treated further. A second contention is that no process was served upon Beck making him a party to the action, and that the court could not acquire jurisdiction over him by the service of the show cause order. The show cause order was not issued nor required to subject Beck to the jurisdiction of the court. He became a party and subjected himself to the jurisdiction of the court when he became a purchaser at the receiver's sale. This was a judicial sale made under direct order from the court. The jurisdiction of the court over purchasers at a judicial sale is well settled. From the time he enters into a contract of purchase at a judicial sale, the purchaser becomes a party to the action by voluntarily submitting himself to the jurisdiction of the court, and he may be compelled to comply with his bid by rule in the original case. *White v. Rand* (N. Y.), 21 N. E. 97; *Archer v. Archer*, 155 N. Y. 415, 50 N. E. 55, 63 Am. St. 688; *Robertson v. Smith*, 94 Va. 250, 26 S. E. 579, 64 Am. St. 723; *Andrews v. O'Mahoney*, 112 N. Y. 567, 20 N. E. 374; 24 Cyc. 30, 52; 34 Cyc. 327; 12 Ency. Plead. & Prac., 65.

The third contention is that the statute of frauds applies, and as no part of the purchase price was paid and no memorandum made, the sale cannot be enforced. There is no merit in this contention. Judicial sales do not fall within the statute of frauds, and are not subject to its requirements. *Andrews v. O'Mahoney, supra; Warfield v. Dorsey*, 39 Md. 299, 17 Am. Rep. 562; *Chandler v. Morey*, 195 Ill. 596, 63 N. E. 512.

Finding no error in the proceedings, the order and judgment appealed from is affirmed. Appellant will be given thirty days from the filing of the remittitur in the lower court

to comply with the order and pay the purchase price fixed by the court, with interest thereon from June 2, 1911.

MOUNT, ELLIS, CROW, and FULLERTON, JJ., concur.