[No. 10378.   Department Two.   August 26, 1912.]

JOHN E. RICE, *Appellant*, v. CHARLES AHLMAN *et al.*,
*Respondents.*[1]

RECEIVERS—APPOINTMENT—PROCEEDINGS—TRIAL—POWER OF COURT.
Where the appointment of a receiver was prayed for, all the issues
had been submitted, and the matter taken under advisement, the
court had power to appoint a receiver without notice, after announce-
ment of findings and some delay in order to enable the parties to
make an amicable adjustment, where such appointment was neces-
sary to preserve the property in suit from total loss by reversion.

JUDGES—ORDERS OUTSIDE COUNTY—TRIAL.   Under Rem. & Bal.
Code, § 42, a judge having heard a cause out of his district may de-
cide and rule thereon in any other county in the state.

APPEAL—REVIEW—FINDINGS.   Findings based on conflicting tes-
timony, but amply sustained by the evidence, will not be disturbed
on appeal.

ACCOUNTING—PROFITS—CONTRACT—CONSIDERATION.   A party who,
in consideration of a one-third interest, made advances to construct
a building on leased premises, is bound to account for the net profits
derived from rents, under an agreement whereby he was to collect
the rents, and use two-thirds of the net income to repay his ad-
vances with interest, without specifying how the other one-third of
the net profits was to be disposed of except under the general pro-
vision requiring him to account to the builders for the net proceeds
of the building; such third being an asset in his hands for which he
must account to the owners of the other two-thirds of the building.

APPEAL—REVIEW—HARMLESS ERROR.   Upon appeal from an order
decreeing an accounting, a judgment preserving to the parties prop-
erty of the value of $5,000, which in case of reversal would be a
total loss by reason of a reversion, will not be disturbed for technical
errors.

Appeal from a judgment of the superior court for What-
com county, Joiner, J., entered November 23, 1911, in favor
of the defendants, decreeing an accounting and appointing a
receiver, in an action to foreclose a mortgage.   Affirmed.

[1]Reported in 126 Pac. 64.

*Brown, White & Peringer,* for appellant.

*Neterer & Pemberton* and *Waters & Downer,* for respondents.

MORRIS, J.—Appellant commenced this action to foreclose a mortgage upon property of respondents Ahlman, as security for a note of $500. Ahlman and wife answered, admitting the execution of the note and mortgage, and alleged affirmatively that, in February, 1906, Charles Ahlman and Calvin Smiley secured from Jacob Beck a lease of a piece of ground 76 by 45 feet, within the city of Bellingham, for the purpose of erecting a building thereon to cost $2,500; that Rice agreed to furnish the necessary money for the construction of the building, and as a return therefor was to have a one-third interest in the lease and building and a repayment of all sums furnished by him, from the rents of the building when completed. Under the terms of this agreement, Ahlman and Smiley were to erect the building, and it is alleged that the mortgage was given as an indemnity to Rice against any liens against the building, and for the fulfillment by Ahlman and Smiley of their part of the contract. The building contemplated under this agreement was a two-story structure with a street frontage of 76 feet.

Subsequently the lease was surrendered, and Rice obtained a new lease covering the same property and an adjoining street frontage of 45 feet. A new agreement was then entered into between Rice, Ahlman and Smiley, providing for the joint interest of the parties, as contemplated in the two-story building upon the 76 feet, and providing further that the original building should be extended over and upon the 45 by 45 feet, and carry a third story. The additional 45 feet frontage and the third story was to become the property of Rice. Some changes in the original structure were also provided for. Under the second contract, Rice was to have full charge of the building and the collection of rents; and it is alleged that he has collected more than enough to reimburse

him for all sums to which he is properly entitled under his agreements with Ahlman and Smiley, and that Ahlman and Smiley fully performed their part of the contracts, leaving no sum of money, as liens or otherwise, to be charged against the $500 represented by the mortgage. Respondent Parrott intervenes, claiming as assignee of the interest of Smiley, and joins with Ahlman in asking for an accounting from Rice and for the appointment of a receiver. The issues were made upon these charges, and the case went to trial. The court found generally for respondents, awarding each of them a judgment of $78.54 against Rice; sustained Ahlman's contention as to the purpose of the mortgage and its complete satisfaction, and appointed a receiver to take charge of the building. From this judgment Rice has appealed.

Appellant suggests that the lower court erred in the appointment of the receiver, in view of the fact that Judge Joiner, to whom the cause was tried in Whatcom county, made the appointment while sitting in Skagit county some days after the close of the trial, and such appointment was void because of lack of notice. Under the circumstances surrounding this appointment, we do not regard this point as well taken. Respondents Ahlman and Parrott had asked for the appointment of a receiver in their answers, and at the close of the trial insisted that such appointment be then made. The court at that time refused to make any order in the case, and gave no indication of its ruling upon the application. Subsequently and on May 16, 1911, Judge Joiner at Bellingham announced his findings in favor of respondents. At that time, only about three weeks remained of the time under which the building could, under the terms of the lease, be disposed of or removed by the parties to this action. It seemed to the court under these circumstances that the parties should agree upon an amicable adjustment of the matter, and the appointment of a receiver was delayed in order that such opportunity might be given them. They, however, failed to agree; and on May 31, the court, upon being so advised, made

the appointment and directed the receiver to either sell or remove the building. At this time only about ten days remained in which the building must be removed or sold. Otherwise it would revert to the ground owner and result in an entire loss to all parties. All parties were still in court, the appointment of a receiver was prayed for, and the matter submitted to the court upon all the issues. This gave the court ample power to appoint a receiver. It was one of the matters submitted to it by the issues in the case. 34 Cyc. 122, 124. There is no valid objection because of the fact that the order was made in Skagit county. Under Rem. & Bal. Code, § 42, the judge, having heard the cause in a county not within his district, might decide and rule upon any matter in issue in any county within the state.

Upon the questions of fact submitted by the appeal, it is impossible to refer to them in any ordinary opinion. The challenged items in appellant's account number over 300. The court below made no findings, and it is impossible to ascertain with any degree of certainty what the court's position is as to each of these contested items, or what use has been made of them in arriving at the judgment entered. The record is, however, ample to support the judgment.

Respondents, while not taking any cross-appeal, contend that the court should have charged appellant with a much larger sum, and in their brief they point out what they contend should have been the true accounting between the parties, which would make the awards to respondents much larger than those fixed by the court, and ask that such increase be here made. The appellant also prints his theory of the award the court should have made. The figures to be used in making any award are to be determined as the facts are gathered from the witnesses, who in many cases are in direct conflict. In other cases figures have been changed from one account to another. Even experts differ as to the relative costs to be charged to the different parts of the building, both in construction and subsequent maintenance. That the

evidence is sufficient to sustain the judgment cannot be disputed. The chief question is, to whom shall credence be given. If there ever was a case where an appellate court should say it would not disturb the findings or judgment of the court below where there is ample sustaining evidence in the record and the same is based upon conflicting testimony, this is one.

Special reference might be made to some of the contentions of appellant based upon what he contends is an improper construction of the contract between appellant and Ahlman and Smiley. That contract, after providing for the construction and leasing of the building and other matters relating thereto, provides that,

"The total income and rents received from such premises shall be devoted to the payment, first of the ground rent provided for in said leasehold estate, and second, to the payment of taxes, insurance, repairs and betterments, and the expense of maintenance, after which the two-thirds of the net income shall be paid to the liquidation and discharge of the said two thousand five hundred dollars advanced [by appellant] for the construction of such building with interest thereon upon five hundred dollars, computed at the rate of twelve per cent per annum until the whole of the said two thousand five hundred dollars shall have been paid."

Appellant now contends that the court below, in arriving at its judgment, has charged appellant with all of the net receipts, instead of with only two-thirds thereof as provided for in the contract. As before intimated, it is impossible on account of the lack of findings to determine just what disposal the court made of any one item in this long account, or how he obtained the results upon which the judgment is based. The contract provides how two-thirds of the net income shall be disposed of. It makes no disposition of the remaining one-third, to whom it shall belong or how it shall be treated. It was, therefore, an asset in the hands of appellant, to be disposed of on this accounting as the equities of the situation might demand, under the general provision of the

contract requiring appellant to account to Ahlman and Smiley for the net proceeds of the building. Whatever might be the ultimate disposition of this one-third of the net receipts, it was certainly proper in the first instance to charge appellant with all the moneys he received as income from the building, leaving him to be credited with such items as the accounting might show him entitled to retain, after awarding respondents what was their due. That this was appellant's own theory is demonstrated by the fact that he testified that, under his contract, the entire net income was to be used in repaying the money advanced in the construction of the building; and in statements rendered by him to attorneys for respondents, long prior to the commencement of this suit, he made no claim as to this item. In one of his proposed findings, he also asks the court to find that the income from the building has more than repaid all proper charges against it, provided the entire income be applied upon the cost of construction. In fact, it is practically admitted by all the parties that the building had more than repaid all proper charges against it, and the only question to be determined by the court was as to how the balance remaining in the hands of appellant should be divided upon this accounting.

Complaint is also made that, under the contract, appellant was to be allowed brokerage for his collection of the rents and general supervision of the building, and that the court failed to make him such an allowance. We find in the record however, when counsel for appellant called the court's attention to this alleged omission, the court replied to him: "I think if the court passed on it now, it would not allow you brokerage; but in the figures I made I did." So with many other assignments of error claimed by appellant, the record does not disclose that they are well taken. We are not convinced that the record demands that the conclusion reached by the court should be disturbed. In fact, upon the whole record, it would appear most inequitable to do so. Under the forfeiture clause in the lease, the building, if this judgment be

reversed and the receiver discharged, would revert to the owner of the ground upon which the building is situate, and a total loss to all parties will result. As it is now, there is a fund of $5,000 in the hands of the receiver, obtained from the sale of the building, to be divided between the parties hereto as their interests have been determined by this judgment; which awards appellant approximately a seventy-two per cent interest in the building. It is the duty of a court of equity to preserve to all parties litigant the fruits of their litigation, and not to destroy them because a few irregularities may have crept into the judgment which can have no disturbing force when compared with the greater benefit and more equitable results to be obtained in enforcing the judgment.

The judgment is therefore affirmed.

MOUNT, ELLIS, CROW, and FULLERTON, JJ., concur.