[No. 13186. *En Banc.* June 16, 1916.]

FIRST NATIONAL BANK OF MONROE, *Appellant,* v.

SNOHOMISH COUNTY et al., *Respondents.*[1]

TAXATION—ASSESSMENT—EXCESSIVE VALUATION—FRAUD. The assessment of the capital stock of a bank at sixty per cent of its actual value according to the basis adopted by the assessor for all personal property assessable for the year will not be set aside as constructively fraudulent, although for the same year real estate, under the biennial assessment of the preceding year, was assessed at only forty-five per cent of its value.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered February 9, 1915, dismissing an action for equitable relief, tried to the court. Affirmed.

*J. A. Coleman* and *J. M. Hogan,* for appellant.

*O. T. Webb, Percy Gardiner,* and *Joseph H. Smith,* for respondents.

PARKER, J.—The plaintiff, First National Bank of Monroe, seeks a reduction of taxes assessed and levied upon its capital stock for the year 1913 by the taxing officers of Snohomish county. Having tendered to the county treasurer

[1]Reported in 158 Pac. 92.

a sum which it insists is all that is justly due as taxes upon its capital stock for the year 1913, the plaintiff prays that the county treasurer be required to accept such tender in full payment of the taxes for that year, and that he be enjoined from enforcing payment of any additional sum from the plaintiff. Trial in the superior court resulted in judgment denying the relief prayed for and the dismissal of the action, from which disposition of the case the plaintiff has appealed to this court.

Counsel for appellant rest its claim for relief upon the ground that, in the assessment of its capital stock for the year 1913, the county assessor designedly and intentionally valued its capital stock for the purpose of taxation at sixty per cent of its actual cash value, and at the same time designedly and intentionally valued all other property in the county at not to exceed forty per cent of its actual cash value, thus working a fraud upon the rights of the appellant. Such, in substance, are the allegations of the complaint. Upon this theory it is sought to establish appellant's right to the relief prayed for, invoking the holding of this court in *Spokane & Eastern Trust Co. v. Spokane County*, 70 Wash. 48, 126 Pac. 54, Ann. Cas. 1914 B. 641. For present purposes it may be conceded that, if the evidence presented to the superior court in this case to sustain these allegations had been such as to render it clear and certain that a fraud had thus been worked upon the rights of appellant, it would be entitled to relief under the holding of that decision. That case, however, was disposed of upon demurrer, and, of course, upon the assumption that the allegations of the complaint were true.

The merits of the case before us are determinable, not from the allegations of the complaint, but from the evidence and the presumptions against capricious and arbitrary action on the part of the assessor. The assessor who made the 1913 assessments testified, in substance, that he tried to the best of his ability to ascertain the actual value of all property

assessable in that year and then took sixty per cent of such value, which he adopted as the assessed value, that he instructed his deputies to adopt this same rule, and that it was so applied by him as to bank stock and other property assessed in that year. Real property, being assessable biennially in even numbered years, was not assessed in the year 1913. Rem. & Bal. Code, § 9101 (P. C. 501 § 43). As opposed to this testimony of the assessor and the presumptions against his having acted in an arbitrary or capricious manner, we have the testimony of his predecessor in office who made the assessment of the real property in the year 1912, to the effect that, in his opinion, the assessment of personal property made in 1913, other than of bank stock, did not exceed forty-five per cent of its actual value, and that in the year 1912, he assessed the real property at about forty-five per cent of its actual value. By his testimony he seems to regard the value of real property as having decreased somewhat in 1913, so that it would seem to leave the 1912 real property assessment, which, of course, could not be changed in 1913 because not assessable in that year, at a somewhat higher percentage than was actually made in 1912. Upon this testimony, which we regard as all that substantially affects the correct conclusion to be reached by the court, the case was submitted for decision upon the merits. The court reached the conclusion that the showing was not so plain in appellant's favor as to warrant interference with the assessment as made.

We are constrained to agree with the conclusions reached by the trial court. Viewing all the facts disclosed by the evidence, we think they argue only that there is room for honest difference of opinion as to whether or not there was in fact a substantially different measure of value applied to the bank stock of appellant than to other property in the county taxable for the year 1913. Plainly there is no proof of actual fraud on the part of the assessor, and we think the claimed difference in valuation is not so clearly established as to en-

able a court of equity to say that there was constructive fraud as against the rights of appellant in fixing the valuation of its bank stock. *Hillman's Snohomish County Land & R. Co. v. Snohomish County*, 87 Wash. 58, 151 Pac. 96; *Heuston v. King County*, 90 Wash. 200, 155 Pac. 773.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, MAIN, ELLIS, BAUSMAN, and FULLERTON, JJ., concur.