[No. 24010.   Department One.   January 5, 1933.]

THE STATE OF WASHINGTON, *on the Relation of H. L. Chard, Respondent*, v. GUS ANDROW, *Appellant*.[1]

*John C. Hurspool* and *John H. Bauer*, for appellant.

*H. B. Noland, A. G. Farley*, and *C. A. McCabe*, for respondent.

MITCHELL, J.—The owners of real property, being unable to divide it, instituted a suit to have it partitioned, with the result that the superior court ordered the land to be sold and appointed H. L. Chard referee to make the sale. Pursuant to proper notice, it was sold at public auction to Gus Androw. He refused to comply with his bid, and this proceeding in civil contempt was brought requiring him to appear and show

[1]Reported in 17 P. (2d) 874.

cause, if any, why he should not be adjudged guilty of contempt, and why he should not pay three thousand dollars to cover costs and damages suffered by the owners of the property.

Upon the trial of the show cause order, all the parties being present, the trial court found, upon a preponderance of the evidence, among other things, that, with full knowledge of the terms and conditions of the judicial sale, as contained in the published notice thereof and as announced by the referee at the sale, Gus Androw, a competitive bidder, became and was accepted as the highest and best bidder for the real estate in the sum of seventeen thousand dollars, and thereafter failed and refused to pay the amount of his bid or any part thereof. It was further found that the owners of the property had suffered damages in the sum of three thousand dollars—the decline in the reasonable market value of the lands after the date of the sale. It was held and concluded that appellant's conduct was wrongful, reprehensible and in civil contempt, but the court declined to inflict confinement unless and until he complied with his bid, because of his inability at the time of the hearing to pay the amount of his bid; but found and concluded that judgment should be entered against him in the sum of three thousand dollars damages, interest and costs. From a judgment to that effect, Gus Androw has appealed.

First, it is assigned that the court erred in taking jurisdiction of the contempt proceedings. The court, of course, had jurisdiction of the subject matter of the suit for partition. As to the appellant, as was said in *Rice v. Ahlman,* 70 Wash. 12, 126 Pac. 66:

"The show cause order was not issued nor required to subject Beck to the jurisdiction of the court. He became a party and subjected himself to the jurisdiction of the court when he became a purchaser at the

receiver's sale. This was a judicial sale made under direct order from the court. The jurisdiction of the court over purchasers at a judicial sale is well settled. From the time he enters into a contract of purchase at a judicial sale, the purchaser becomes a party to the action by voluntarily submitting himself to the jurisdiction of the court, and he may be compelled to comply with his bid by rule in the original case. *White v. Rand* (N. Y.) 21 N. E. 97; *Archer v. Archer,* 155 N. Y. 415, 50 N. E. 55, 63 Am. St. 688; *Robertson v. Smith,* 94 Va. 250, 26 S. E. 579, 64 Am. St. 723; *Andrews v. O'Mahoney,* 112 N. Y. 567, 20 N. E. 374; 24 Cyc. 30, 52; 34 Cyc. 327; 12 Ency. Plead. & Prac., 65.''

█ Being a judicial sale, there was no necessity for any payment or memorandum in writing at the time the sale was made. *Rice v. Ahlman,* 70 Wash. 12, 126 Pac. 66.

█ Nor was there any necessity for an order of confirmation of the sale. None was had in the *Rice v. Ahlman* case, which was a proceeding upon a show cause order. Why should such an idle thing be insisted upon or contended for here, where the bidder himself testified in open court and convinced the trial judge that he was not able to pay the amount of his bid?

█ That a party injured may be indemnified to the extent of his damages in a civil contempt proceeding, is warranted by Rem. Rev. Stat., § 1058. Also, see *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.,* 55 Wash. 1, 103 Pac. 426, 107 Pac. 196, and *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.,* 67 Wash. 317, 121 Pac. 467, Ann. Cas. 1913D, 456.

Next, it is claimed the court erred in finding the appellant guilty of contempt. As already stated, the evidence clearly justified the finding.

Lastly, it is contended the court erred in finding and entering judgment against the appellant in the sum of

three thousand dollars, or any sum. The estimates and testimony of various competent witnesses justified the finding to that effect, and the law, already referred to, authorized judgment accordingly.

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.