## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun County

     v.

George H. E. Fry et al.

November 6, 1990

Case No. (Chancery) 11124

### By JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Petition of Mark D. Eaton to Intervene and Set Aside Decree Approving Sale and to Order Refund (the "Petition") filed herein on October 24, 1990. The Court heard oral argument on October 24, 1990, has read the memorandum of the petitioner, and considered all the authority cited by counsel.

For the reasons hereinafter set forth, the Petition is denied.

On November 9, 1987, the County of Loudoun (the "County") instituted this proceeding pursuant to § 58.1-3965 *et seq.* to sell certain real estate described as a wood lot on the east side of Short Hill for delinquent real estate taxes. The defendants in the suit were George H. E. Fry and James W. Fry, and, after the name of each defendant in the caption of the Bill of Complaint, "if living, or if dead, his heirs, successors, or assigns who are made parties to this action by the general description of "Parties Unknown." An order of publication was entered by the Clerk on November 12, 1987. The order of publication contained the same caption as the Bill of Complaint and

ordered "George H. E. Fry or James W. Fry, or persons parties defendant unknown, appear . . . to protect their interest in this matter . . . ." No such person appeared in this suit.

This cause was referred to George M. Martin, Commissioner in Chancery, by decree entered March 4, 1988. He executed the reference and held a hearing on September 28, 1989. He filed his report based on the evidence presented at the hearing on November 14, 1988, in which he found that the land was devised under the will of Noah Fry to his sons, George H. E. Fry and James W. Fry, equally, but "there are no known owners" of the land. No exceptions were filed to the Commissioner's report, and a decree directing a sale of the land was entered on March 10, 1989.

The property was sold at public auction on April 15, 1989, to Mark Eaton for the sum of $6,500.00. A decree approving the sale to Mark Eaton was entered on May 15, 1989. The sales price was paid and a deed delivered to Kenneth McKeehan, Trustee, at the direction of Mark Eaton. The proceeds of the sale were distributed pursuant to the decree entered August 14, 1989.

In July, 1990, McKeehan, Trustee, conveyed the land to the petitioner, Mark D. Eaton, who had the property surveyed and the title examined.

The title examination revealed that in September, 1931, George H. E. Fry conveyed his one-half interest in the property to Carl W. Fry. The deed was recorded on September 8, 1931. By deed of gift dated December 2, 1981, and recorded December 4, 1981, Carl W. Fry and Fannie V. Fry, his wife, conveyed a one-half interest in the land to Floyd J. Frye and Audrey C. Frye, his wife.

A review of the transcript of the Commissioner's hearing shows no indication of any testimony about the two deeds referred to above. In fact the title examiner employed by counsel for the County testified that the owners were George H. E. Fry and James W. Fry, as tenants in common, having acquired it under the devise from their father's will in 1903. Nothing has been presented to indicate that Mr. Eaton had the title examined before he paid the purchase price of $6,500.00.

The parties do not dispute that the petitioner acquired his title as a result of a judicial sale. *See* § 58.1-3967.

It is a settled doctrine in Virginia that it is too late to complain of a defect in title after a judicial sale has been confirmed. *See*, B. Lamb, *A Virginia Cause*, 72 (Rev. Ed. 1976) and cases cited in footnote 124. The doctrine of *caveat emptor* strictly applies. Section 8.01-113 provides that if a judicial sale is confirmed by the Court, then the purchaser's title cannot be disturbed unless the sale is set aside within twelve months. However, here the petitioner argues that the decree of sale was void because Floyd J. Frye and Audrey C. Frye were not made parties to this proceeding.

Section 8.01-113 cannot save a void decree. *Finkel Outdoor Products, Inc. v. Bell*, 205 Va. 927 (1965). A judicial sale cannot divest one not a party to the suit of his ownership of the property. *Forrer v. Brown*, 221 Va. 1098 (1981); *Mountain Mission School, Inc. v. Buchanan Realty Corp.*, 207 Va. 518 (1966). Therefore, it is clear that the interests of Floyd J. Frye and Audrey C. Frye in the property have not been divested by the judicial sale unless they could be considered to have been brought before the Court by the language of the order of publication. The same can be said of Carl W. Fry and Fannie V. Fry, who appear to have reserved a life estate for their joint lives in a half interest in the property.

I am of the opinion that the order of publication would probably have been sufficient to give the above four persons notice of the nature of the proceedings to make them parties as "parties unknown" and the sale would have divested them of their interests under § 8.01-113 after the expiration of one year *if* the September, 1931, deed and the December, 1981, deed had *not* been recorded. Once the deeds were recorded, constructive notice is given to the whole world that these persons have an interest in the property. They can no longer be considered "parties unknown." They cannot be divested of their interests unless they are specifically named as parties defendant and served with process. In this proceeding, neither of the four individuals were, therefore, before the Court and their interests have not been divested.

It is obvious that the petitioner did not acquire the full fee simple title to the property. He acquired at most a one-half interest in the property. The outstanding one-half interest is a title defect, and, therefore, under

the general rule cited above, the petitioner's complaint comes too late. There is nothing to indicate that the Court did not have jurisdiction over the one-half interest which James W. Fry inherited from his father in 1903, and this interest was conveyed to the petitioner as the purchaser at the judicial sale.

The *Forrer* case does not hold that a decree approving a judicial sale is void if an owner is not properly before the court. It applied the general rule that one cannot be divested of his interest unless he is a party to the suit to a very unusual set of facts.

It appears that the petitioner was not given notice of the County's request to the Court for entry of a decree confirming the sale or notice of entry of the decree. When he made the offer, he became a *quasi-party. Robertson v. Smith,* 94 Va. 250 (1897). As such, he was entitled to notice that the Court was going to confirm the sale so he could have the title examined, if he desired, before confirmation of the sale. Although it is not exactly clear from a review of the papers in the court file when the petitioner actually paid the balance of the purchase price and the special commissioner's deed was delivered to him, it does appear that it was done before the expiration of twenty-one days after entry of the decree confirming the sale. There is no indication that the petitioner ever objected to the presentation of the decree or wanted time to examine the title before the sale was confirmed. He did not complain about the title for almost seventeen months after the decree confirming the sale was entered. Under these circumstances, the petitioner waived any right he may have had to notice of the Court's confirmation of the sale.

It is earnestly suggested that a purchaser at any judicial sale, including a sale for delinquent taxes, be given notice in the form of a show cause against confirmation as suggested by B. Lamb, *A Virginia Cause,* at pages 72-74.

Let Mr. Harris prepare a decree denying the Petition to which Mr. Travostino may note his exception.