## CIRCUIT COURT OF NELSON COUNTY

George H. Dygert,
t/a George H. Dygert
& Associates

v.

Horizons, L.L.C.

November 1, 2004

Case No. CH04-017

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the plea in bar of Gillies P. Rodgers to dismiss the show cause to confirm the sale of Lot 40, Horizons Village. The plea in bar of Gillies P. Rodgers is overruled, and the sale is confirmed.

The reasons for this ruling are set forth below.

Douglas C. Carter was appointed Special Commissioner to sell Lots 27 and 40 in Horizons Village Subdivision. The Special Commissioner conducted the auction sale on September 17, 2004. Gillies P. Rodgers was the highest bidder for Lot 40 with a bid of $24,000.00. The Special Commissioner knocked down Lot 40 to Gillies P. Rodgers for the sum of $24,000.00.

The Special Commissioner received a deposit of $2,400.00, being ten percent of the purchase price, from Gillies P. Rodgers. Additionally, he made a memorandum that Lot 40 was knocked out to Gillies Rodgers for the sum of $24,000.00.

No contract or memorandum was signed by Gillies P. Rodgers. Gillies P. Rodgers pleads that the sale of the real estate cannot be enforced against him because it is barred by the statute of frauds, Va. Code § 11-2(6). Basically, Va. Code § 11-2(6) provides that no action can be brought on a contract for the sale of real estate unless a memorandum or note in writing is signed by the person against whom enforcement is sought.

Judicial sales made by chancery courts through commissioners are not within the statute of frauds. These sales are binding upon a bidder or

purchaser without any written contract or memorandum because a bidder subjects himself to the jurisdiction of the court "and in effect becomes a party to the proceeding in which the sale is made. . . ." *Robertson v. Smith*, 94 Va. 250, 253, 26 S.E. 579 (1897). Further, if an auctioneer makes a notation of the buyer's name and the amount of the bid for the property sold, there is a sufficient memorandum to take the case out of the statute of frauds. *Holston v. Pennington*, 225 Va. 551, 558, 304 S.E.2d 287 (1983).

In the instant case, the property was sold pursuant to a judicial sale and there was a memorandum made by the auctioneer setting forth the buyer's name and the amount of his bid. These facts take this transaction out of the statute of frauds. Accordingly, the sale is confirmed to Gillies P. Rodgers for the sum of $24,000.00.

## Decree

This cause came to be heard on the offer for the purchase of a portion of the property which is the subject of this action and was argued by counsel. Upon consideration whereof, it appearing to the Court that the sale was conducted properly, that the amount offered for the property, the sum of $24,000.00, is a fair one, the Court adjudges, orders, and decrees that the sale conducted on September 17, 2004, selling Lot 40 Horizons Village to Gillies P. Rodgers for the sum of $24,000.00 be confirmed, ratified, and accepted. The plea in bar of Gillies P. Rodgers is overruled for the reasons set forth in the letter opinion dated November 1, 2004, which is incorporated into this order by reference. It is further ordered that Douglas C. Carter, the Special Commissioner appointed in this action, take all necessary steps to complete the sale of this property. The Special Commissioner shall make his report to the Court. Endorsement of this order is waived pursuant to Rule 1:13. A copy of the order has been mailed to T. David Thelen, Esq., and George H. Dygert, Esq.